UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X

THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY PIROZZI, DOMINICK MARROCCO,
ANTHONY D'AQUILA, FRANK FINKEL,
JOSEPH FERRARA, MARC HERBST, THOMAS
CORBETT and DENISE RICHARDSON, as
Trustees and Fiduciaries of the Local 282 Welfare,
Pension, Annuity, Job Training, and Vacation and
Sick Leave Trust Funds,

                              Plaintiffs,

                         - against -

MBM INDUSTRIES, INC. and
JO-TAP INDUSTRIES, INC.,

                              Defendants.

-------------------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

CV-10-2607 (BMC)

**COGAN, District Judge.**

Before me is plaintiffs' motion for default judgment, seeking damages and injunctive relief. For the reasons set forth below, the motion is granted in part and denied in part.

## BACKGROUND

Plaintiffs are the trustees and fiduciaries of the above-captioned employee benefit plans, collectively referred to as the "Local 282 Trust Funds," who brought this action against MBM Industries, Inc. ("MBM") and Jo-Tap Industries, Inc. ("Jo-Tap") for relief pursuant to Sections 209, 502, and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1059, 1132, and 1145.

Plaintiffs allege that MBM has been a party to a series of collective bargaining agreements with the Local 282 Trust Funds since October 30, 2003. They further allege that

although Jo-Tap is not a signatory to the collective bargaining agreements, it is bound by them under an alter-ego theory. Specifically, plaintiffs claim that at all times relevant to this action, Jo-Tap and MBM shared, *inter alia*, common ownership, management, operations, customers, equipment, locations, and business purpose.

Plaintiffs commenced this action by filing a Complaint and Summons on June 4, 2010, and served the defendants with a copy on June 25, 2010. Plaintiffs filed proof of service with the Court on July 6, 2010. Defendants have not answered or otherwise appeared in this action, and the time to do so has expired. On July 27, 2010, the Clerk of the Court entered default against the defendants pursuant to Fed. R. Civ. P. 55.

## DISCUSSION

1. **Damages**

In light of defendants' default in this case, all of the well-pleaded allegations in plaintiffs' complaint pertaining to liability are deemed true. However, "[e]ven when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). "Rule 55(b)(2) provides that when granting a default judgment, if 'it is necessary to take account or to determine the amount of damages or to establish the truth of any averment by evidence…the court may conduct such hearings or order such references as it deems necessary and proper.'" Id. at 154 (quoting Fed. R. Civ. P. 55(b)(2)). The Second Circuit has held that as long as a district court "ensured that there was a basis for the damages specified in the default judgment," such as by relying on detailed affidavits and documentary evidence, it is not necessary for the court to hold a hearing. Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997) (internal citations omitted).

Plaintiffs' counsel submitted the Declarations of Nathan V. Bishop, Esq., Theresa Cody, an employee of the Local 282 Trust Funds, and Richard Bamberg, an auditor with the accounting firm of Abrams, Herde & Merkel, LLP, in support of their Motion for Default Judgment. Those declarations exhibit copies of the Trust Agreement; collective bargaining agreements; remittance reports MBM submitted to plaintiffs, which are the employer's statement of the number of hours worked by its employees covered by the applicable collective bargaining agreement; audit reports showing defendants' unpaid contributions; documentation supporting plaintiffs' request for costs and attorneys' fees; and statements summarizing the amounts due to plaintiffs.

I find these submissions to be sufficient evidence to form the basis for an award of damages against the defendants, jointly and severally, in the total amount of $1,604,690.32 plus interest. This represents damages for the categories provided in §1132(g)(2) of ERISA as follows:

(a) $21,398.20 in estimated unpaid contributions by MBM for the period from April 2007 through May 2010;

(b) $741,928.66 in estimated unpaid contributions by Jo-Tap for the period from November 2003 through May 2010;

(c) $418,368.04 in interest on the estimated unpaid contributions;

(d) $418,368.04 in additional interest and/or liquidated damages;

(e) Pre-judgment interest accruing from June 1, 2010 at a rate of "1 ½ percent per month of each monthly amount due for each month" to be calculated by the Clerk of the Court when Judgment is entered;

(f) $367.38 costs; and

(g) $4,260.00 in audit costs.

2. **Attorneys' Fees**

Plaintiffs' also seek attorneys' fees in the amount of $14,559.90 for the work performed by three different attorneys in litigating this action.

3

The "presumptively reasonable fee" is the standard for evaluating an award of attorneys' fees in this Circuit. Simmons v. New York City Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009). In calculating what is a presumptively reasonable fee, district courts have been directed "to bear in mind *all* of the case-specific variables that [courts] have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." Arbor Hill Concerned Citizens Neighborhood Assoc. v. Cnty. of Albany, 493 F.3d 110, 117 (2d Cir. 2007) (emphasis in original). A district court has broad discretion in determining whether time was reasonably expended, and may rely upon its own knowledge of whether the "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Chambless v. Masters, Mates & Pilots Pension Plan, 885 F.2d 1053, 1058-59 (2d Cir. 1989) (internal citation and quotation marks omitted). "If the court determines that certain claimed hours are excessive, redundant, or otherwise unnecessary, the court should exclude those hours in its calculation[.]" Gierlinger v. Gleason, 160 F.3d 858, 876 (2d Cir. 1998) (internal citations and quotation marks omitted).

The Court finds the hourly rates of $390.00 for Mr. Anspach and Mr. Bishop, and $280.00 for Mr. Chun to be reasonable. Mr. Anspach and Mr. Bishop are both partners at their firm and together have almost 30 years of experience in labor and employee benefits practice, and Mr. Chun is an associate with 9 years of experience. Moreover, these hourly rates are within the range charged by other attorneys in this district. See, e.g., Rodriguez v. Pressler & Pressler, LLP, 06 Civ. 5103, 2009 WL 689056 at *1 (E.D.N.Y. March 29, 2009) (hourly rates of $450 and $300 reasonable for the Eastern District); Trustees of the Local 813 I.B.T. Ins. Trust Fund v. Amanda Carting Corp., No. 07-CV-656, 2007 WL 4324019, at *6 (E.D.N.Y. Dec. 7, 2007) (prevailing rates for ERISA work in this district range from $200-$375 for partners).

Nevertheless, the Court finds that the amount of time charged in this case – 47.1 hours – is somewhat excessive. This Court acknowledges that this is a slightly more complicated ERISA default case, but it is a default case nonetheless. Counsel spent approximately 16 hours working on this case prior to moving for default judgment. Of those 16 hours, I find four of them to be redundant as they were spent drafting the complaint during December 2009 and January 2010. The complaint was not filed until June 2010, and counsel billed for drafting and revising the complaint again in April and May of 2010.

Moreover, counsel spent more than 30 hours working solely on plaintiffs' motion for default judgment. The most complicated element of this case is in determining how much each defendant owes the Local 282 Trust Funds; however, that is justification for higher audit costs, not legal fees. The complex damage calculations were performed by the auditor and provided to counsel. Therefore, in reviewing the time sheets provided I find the amount of hours worked on this motion, particularly by Mr. Chun, to be excessive.

Accordingly, I find 35 hours to be more than reasonable for the work performed by counsel in this case and award plaintiffs' attorneys' fees in the amount of $11,175.00.

3. **Injunctive Relief**

Plaintiffs also request that the Court order MBM to submit to an audit for the period from April 2007 to May 2010, and Jo-Tap for the period from November 2003 to May 2010, and that this Court order defendants to pay any delinquencies identified by the audit plus attendant damages.

The Court may issue an injunction on a motion for default judgment upon a showing by the moving party that he is entitled to injunctive relief under the applicable statute, and that he

meets the prerequisites for the issuance of an injunction. See King v. Nelco Industries, Inc., 96-CV-4177, 1996 WL 629564, at *3 (E.D.N.Y. Oct. 29, 1996). Injunctive relief is available under §1132 of ERISA. Id. (citing Beck v. Levering, 947 F.2d 639 (2d Cir. 1991)). However, plaintiffs have failed to demonstrate that they meet the prerequisites for issuance of injunctive relief – that they are threatened by some injury for which they have no adequate remedy at law, and that the injury is irreparable. See Amoco Prod. Co. v. Vill. of Gambell, 480 U.S. 531, 542, 107 S. Ct. 1396 (1987) (stating the "fundamental principle that an injunction is an equitable remedy that does not issue as of course," but only upon a showing of "irreparable injury and inadequacy of legal remedies").

This Order awards plaintiffs damages for the period that defendants have failed to pay contributions to plaintiffs, interest on those unpaid contributions, additional interest and/or liquidated damages through the date that the Clerk enters Judgment in this action, and attorneys' fees and costs for bringing this action. I find it unnecessary at this stage to issue an affirmative injunction ordering defendants to submit to an audit for this exact same period of time, when plaintiffs are recovering estimated damages that have been calculated in the manner prescribed under the Trust Agreement. Plaintiffs have not demonstrated that actions such as this one afford an inadequate remedy at law, or that they will suffer irreparable harm if an injunction ordering future compliance does not issue. It may be the case that if the Judgment is returned unexecuted and defendants continue to shirk their obligations under the collective bargaining agreement, plaintiffs may be able to demonstrate that they have no adequate remedy at law, but plaintiffs have not made such a showing on the record before me.

## CONCLUSION

The motion for a default judgment is granted in part and denied in part. The Clerk is directed to enter judgment in the amount of $1,615,865.32 plus interest as set forth above.

**SO ORDERED.**

s/Brian M. Cogan

_____
U.S.D.J.

Dated: Brooklyn, New York
September 13, 2010